UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DIANE E. SHERMAN and BRIAN V. COLICCI, TRUSTEES, | ) | C.A. NO. 05-0329/T |
| Plaintiffs, | ) | |
| v. | ) | |
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**DEFENDANT TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(7)**

Defendant Transamerica Occidental Life Insurance Company now moves, pursuant to Rule 12(b)(7), of the Federal Rules of Civil Procedure to dismiss the complaint for failure to join a necessary and indispensable party under Fed.R.Civ.P. 19. Defendant files herewith a supporting memorandum of law.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed postage prepaid, this 30th day of August, 2005, to:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

Brooks R. Magratten, Esq.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DIANE E. SHERMAN and<br>BRIAN V. COLICCI, TRUSTEES,<br><br>Plaintiffs,<br>v.<br><br>TRANSAMERICA OCCIDENTAL<br>LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO. 05-0329/T |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(7)**

This case concerns a life insurance policy issued by defendant Transamerica Occidental Life Insurance Company ("Transamerica") to Jessie G. Colicci insuring her life. At the time the policy was issued, Jessie Colicci named as beneficiaries, her minor grandchildren, Emily Sherman, Grant Sherman, Taylor Colicci, and Scott Colicci. After the death of Jessie Colicci, the plaintiffs filed this action against Transamerica seeking to reform the life insurance policy by changing the beneficiaries from the minor grandchildren of Jessie Colicci to Diane E. Sherman and Brian V. Colicci as Trustees of an irrevocable life insurance trust, which Jessie Colicci previously established. The current named beneficiaries of the life insurance policy, however, were not made parties to this action. Transamerica now moves, pursuant to Rule 12(b)(7), of the Federal Rules of Civil Procedure to dismiss the complaint for failure to join a necessary and indispensable party under Fed.R.Civ.P. 19.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 20, 1995, Transamerica issued life insurance Policy No. 92494449 ("the Policy") in the face amount of $800,000.00 to Jessica G. Colicci insuring her life. At the time the Policy was issued, Jessica G. Colicci was the owner of the Policy and Jessica G. Colicci named as beneficiaries her minor grandchildren, Emily Sherman, Grant Sherman, Taylor Colicci, and Scott Colicci.

Approximately five (5) months later, on or about June 27, 1995, Jessica G. Colicci established an irrevocable life insurance trust entitled The Jessie G. Colicci 1995 Irrevocable Trust ("Colicci 1995 Trust"). The Trustees of the Colicci 1995 Trust are defendants Diane Sherman and Brian Colicci.

On or about August 10, 1995, an assignment to transfer ownership form was recorded with Transamerica changing the owner of the Policy from Jessica G. Colicci to "The Jessie G. Colicci Irrevocable Trust, dated 6/27/95; Brian Colicci, Trustee + Diane Sherman, Trustee." However, as specifically set forth in the Transfer of Ownership form, changing ownership of the Policy does not mean that the beneficiaries are also changed. No change has been made at any time to the original beneficiaries of the Policy.

More than nine (9) years after changing ownership of the Policy – but not the beneficiaries to the Policy – Jessica G. Colicci died on or about February 25, 2005. At the time of her death, the Policy was in force. Accordingly, the beneficiaries of the Policy at the time of the death of Jessica G. Colicci were the minor children, Emily Sherman, Grant Sherman, and Taylor Colicci.[1]

[1] Upon information and belief, Scott Colicci died on or about September 4, 2002, at the age of fifteen.

Upon information and belief, Emily M. Sherman and Grant S. Sherman are citizens of the State of Rhode Island residing, at 465 Chestnut Hill Road, Wakefield, Rhode Island. Upon information and belief, Emily Sherman and Grant Sherman are minors and the daughter and son, respectively, of the plaintiff Diane Sherman.[2] Taylor A. Colicci is a citizen and resident of the State of Arizona residing therein, upon information and belief, at 3547 E. Windmere Drive, Phoenix, Arizona. Upon information and belief, Taylor Colicci is a minor and the daughter of the plaintiff Brian Colicci.[3]

On or about June 29, 2005, approximately four (4) months after Jessica G. Colicci died, the Trustees, Diane Sherman and Brian Colicci, instituted an action against Transamerica in Washington County, Rhode Island ("State Court Action") seeking to change the beneficiaries to the Policy from the minor grandchildren of Jessica G. Colicci to Diane Sherman and Brian Colicci as Trustees of the Colicci 1995 Trust. See Complaint, *ad damnum* provision. Though the effect of reforming the insurance policy would be to divest the beneficiaries of their interest in the Policy, the current beneficiaries of the Policy (Emily Sherman, Grant Sherman and Taylor Colicci) were not made parties to the State Court Action. Id.

On July 29, 2005, Transamerica removed the State Court Action to this Court based upon diversity jurisdiction. Transamerica now moves pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to join the aforementioned beneficiaries of the Policy, even though they are necessary and indispensable parties.

**ARGUMENT**

---

[2] Plaintiffs affirmatively plead in their complaint that Diane E. Sherman is a citizen of the State of Rhode Island. See Complaint, ¶ 1.

## I. PLAINTIFFS' COMPLAINT MUST BE DISMISSED FOR FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY UNDER RULE 19

Rule 12(b)(7) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint for "failure to join a party under Rule 19." See Fed.R.Civ.P. 12(b)(7) and 19. See also Taylor v. Dept. of Mental Retardation and Hospitals, 726 F. Supp. 895, 897 (D.R.I. 1989). Dismissal for failure to join an indispensable party is warranted where the protection of the interest of an absent party will be impaired by their absence. Generadora De Electricidad Del Caribe, Inc. v. Foster Wheeler Corp., 92 F. Supp. 2d 8, 14 (D.P.R. 2000) (citation omitted). "In meeting its burden, the moving party may present, and the court may consider, evidence outside of the pleadings." Raytheon Co. v. Continental Casualty Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000) (*quoting* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (2d ed.1990), pp. 426-427).

Under Fed.R.Civ.P. 19, a two-tiered analysis is made to determine if a person is an indispensable party. See Taylor, 726 F. Supp. at 897. First, the particular absentee must be found to be a "necessary party." See Central Tools, Inc. v. Mitutoyo Corp., --F. Supp. 2d--, 2005 WL 1941288 at *4 (D.R.I. 2005); Generadora De Electricidad Del Caribe, Inc., 92 F. Supp. 2d at 14. The Court must "decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." Pujol v. Shearson American Exp., Inc., 877 F.2d 132, 134 (1st Cir. 1989). Rule 19(a) provides, in relevant part, the basis for finding a party "necessary":

> if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a

[3] Plaintiffs affirmatively plead in their complaint that Brian V. Colicci is a citizen of the State of Arizona. See Complaint, ¶ 2.

> substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). See also Collins v. Teachers Insurance and Annuity Assoc. of America, 587 F. Supp. 403, 404-05 (D.R.I. 1984).

In Collins, a federal diversity case, the plaintiff's former husband, Robert Collins, entered into annuity contracts with the defendants, Teachers Insurance and Annuity Association (TIAA) and College Retirement Equities Fund (CREF). The plaintiff divorced Robert Collins in 1973. Thereafter, on June 8, 1983, Robert Collins died and both TIAA and CREF became liable to his beneficiary for certain proceeds. While the plaintiff alleged she was the true beneficiary of both annuities, both TIAA and CREF refused to pay her. The defendants alleged that an adverse claim to the proceeds was asserted by one Constance Collins, Robert Collins' widow and the representative of his estate. The defendants moved to add both Constance Collins and the Estate of Robert C. Collins as party defendants pursuant to Fed.R.Civ.P. 19, arguing that both are necessary parties. The District Court granted the defendants' motion. In so holding, the court reasoned that Constance Collins and the Estate of Robert C. Collins were necessary parties to the suit because "[t]heir potential interests in the proceeds of the annuities must be determined before the Court can do justice between the parties; otherwise, the defendants would run the risk of incurring double liability." Collins, 587 F.Supp. at 405. (Citations omitted).[4]

If the Court finds that a person is a "necessary party," the analysis turns to whether the "necessary party's" joinder is "feasible." Generadora De Electricidad Del Caribe, Inc., 92 F. Supp. 2d at 15. Joinder is feasible if the Court determines that the absentee is one who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject

---

4 As set forth below, the absent parties cannot be added here, as doing so would divest the court of diversity jurisdiction.

matter of the action. Fed.R.Civ.P. 19(a). See also Generadora De Electricidad Del Caribe, Inc., 92 F. Supp. 2d at 15 (joinder not feasible where absentee's joinder will deprive court of jurisdiction over subject matter of jurisdiction); Trombino v. Transit Casualty Co., 110 F.R.D. 139, 143 (D.R.I. 1986) (joinder not feasible where party to be joined would eliminate diversity jurisdiction). If joinder is not feasible, the Court will decide whether the party is "indispensable." Fed.R.Civ.P. 19(a). See also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118, (1968).

Assessing whether a party is "indispensable" requires the Court to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b). See also Acton Co., Inc. v. Bachman Foods, Inc., 668 F.2d 76, 78 (1st Cir. 1982) (where joinder of absent party would have destroyed diversity jurisdiction, court determined absent party was indispensable and dismissed case under Fed.R.Civ.P. 19(b)). Rule 19(b) sets out four factors the Court must consider in order to determine if a party is "indispensable":

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

### A. The Decedent's Grandchildren Are Necessary Parties Under Fed.R.Civ.P. 19(a)

Emily Sherman, Grant Sherman, and Taylor Colicci (collectively referred to as the "Named Beneficiaries") are "necessary" parties to this action because, as the sole beneficiaries of the Policy at the time of the death of Jessica G. Colicci, they "claim[] an interest" relating to the

subject of plaintiffs' complaint and are "so situated" that disposition of plaintiffs' action in their absence "may as a practical matter impair or impede" their "ability to protect that interest." Fed.R.Civ.P. 19(a)(2)(i). See also Pujol, 877 F.2d at 135.

**i. The Reformation of the Policy Sought by the Plaintiffs Will Impede the Interests of the Named Beneficiaries**

The Named Beneficiaries have a clear interest in the Policy in that they have the vested right to receive, no later than upon reaching majority, a full, proportionate share of the total amount of the policy proceeds, a sum which exceeds $285,000 for each child. The plaintiffs, by seeking to change the beneficiaries under the Policy from the minor grandchildren of Jessica G. Colicci to Diane Sherman and Brian Colicci as Trustees of the Colicci 1995 Trust, will divest the Named Beneficiaries of that interest, leaving them only their rights under the trust. Under the terms of the Colicci 1995 Trust, payment of the proceeds of the Policy must be delayed, with installments paid to each child upon reaching the ages of 25, 30, and 35. The interests of the plaintiffs and Named Beneficiaries are thus adverse and conflicting. Further, the interests of the Named Beneficiaries are not represented in this action. See Trombino, 110 F.R.D. at 144 (disposition of suit in absence of party with direct financial interest would impair absentee party's ability to protect its stake).

In addition, under the terms of the Colicci 1995 Trust, Brian Colicci as a descendent of Jessie Colicci and an heir-at-law of the deceased Scott Colicci may be entitled to receive Scott's share of the trust since Scott died without issue and without establishing a will to name other persons to receive his share of the trust. The Colicci 1995 Trust provides that such descendants of Jessie Colicci who are heirs-at-law of a deceased beneficiary, receive the portion of the trust,

which would otherwise be paid to that beneficiary.[5] On the other hand, the Policy provides that the share of a beneficiary who predeceases the insured goes to the remaining beneficiaries. Hence, if the Policy proceeds are paid to Diane Sherman and Brian Colicci, as Trustees in place of the current grandchildren individually, they (Brian Colicci, Scott's father and Jessie's son) may take Scott Colicci's interest in the Policy proceeds at the expense of the current beneficiaries' share of those proceeds.[6]

**ii. The Absence Of The Named Beneficiaries As Parties Leaves Transamerica Subject To A Risk Of Inconsistent Obligations**

The Named Beneficiaries are "necessary" parties because their absence would leave Transamerica "subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(ii). See also Pujol, 877 F.2d at 135. If the Court were to enter an order reforming the Policy and direct Transamerica to pay the proceeds of the Policy to the Trust, the Named Beneficiaries, not being parties to the case, would not be bound by that judgment. Therefore, they would be free to make a later claim against Transamerica for a determination that it disregarded the Policy's beneficiary designation. As a result of the disputed claims among the claimants to the proceeds of the Policy, Transamerica is exposed to multiple liability and litigation if payment of the proceeds is made to either the plaintiffs , without the presence of the Named Beneficiaries.

---

[5] The Trust provides that, if the beneficiary dies with issue or exercises a power of appointment, the funds pass to the issue or as that power directs. Scott was only 15 when he died, had no issue and drafted no valid will, exercising the power.

[6] The intestacy laws of Scott's state of residence at the time of his death will govern who receives those funds. If Taylor, a sibling, rather than Brian, Scott's father, takes under state law, the share of the other two beneficiaries will still be reduced, for Taylor will get both his or her share and Scott's share, i.e., one-half of the proceeds, rather than the one-third payable under the Policy.

**B. Joinder Of The Named Beneficiaries Is Not "Feasible"**

The sole basis for federal court jurisdiction over this case is diversity of citizenship pursuant to 28 U.S.C. § 1332. The statute conferring diversity jurisdiction requires complete diversity of citizenship between opposing parties. Id. See also Acton Co., Inc., 668 F.2d at 79. It is undisputed that plaintiff Diane Sherman and her minor daughter and son, Emily Sherman and Grant Sherman, are citizens of the State of Rhode Island. Likewise, it is undisputed that plaintiff Brian Colicci and his minor child, Taylor Colicci, are citizens of the State of Arizona. If the Named Beneficiaries were joined, they would become defendants in this action, see Collins, 587 F. Supp. at 404-05 (where interest of party to be added appears to be adverse to that of plaintiff, new party should be added as defendant rather than as involuntary plaintiff), and thereby destroy diversity jurisdiction. See Acton Co., Inc., 668 F.2d at 78; see also Adorno Enterprises, Inc. v. Federated Department Stores, Inc., 629 F. Supp. 1565, 1567-71 (D.R.I. 1986) (after-added party, if nondiverse, can spoil diversity jurisdiction in removed action). Accordingly, joinder is not "feasible", Trombino, 110 F.R.D. at 143 (joinder not feasible where party to be joined would eliminate diversity jurisdiction).

**C. Indispensable Parties Under Fed.R.Civ.P. 19(b)**

Since the Named Beneficiaries are "necessary" and their joinder is not "feasible", the Court must decide whether they are "indispensable." See Generadora De Electricidad Del Caribe, Inc., 92 F. Supp. 2d at 15. If so, the case must be dismissed, pursuant to Fed. R. Civ. P. 19(b). See Acton Co., Inc., 668 F.2d at 78 (where joinder of absent party would have destroyed diversity jurisdiction, court determined absent party was indispensable and dismissed case under Fed.R.Civ.P. 19(b)). As set forth above, the four factors this Court must consider in order to determine if a party is "indispensable" are:

> 1) to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties;
>
> 2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
>
> 3) whether a judgment rendered in the person's absence will be adequate; and
>
> 4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

**i. Determination of the Case in the Absence of the Named Beneficiaries Would Be Prejudicial To Parties And Others**

As set forth in the preceding Rule 19(a) analysis, a judgment rendered in the absence of the Named Beneficiaries would be prejudicial to their interests. Such a judgment would effectively divest them of their right to receive the total insurance proceeds before they reach 35 years of age and they would lose a portion of those funds to either Brian Colicci, the beneficiary of the trust upon Scott's death, or their cousin Taylor Colicci. Unless they were parties, they would be deprived of the opportunity to participate in the determination of the proper beneficiaries of the Policy in a meaningful manner. Accordingly, adjudication of the suit in the Named Beneficiaries' absence would work substantial prejudice to the Named Beneficiaries,

Determination of the case without the Named Beneficiaries would, also, be prejudicial to Transamerica. It would be faced with a potential suit by the Named Beneficiaries, claiming that Transamerica disregarded the fact that Emily Sherman, Grant Sherman, and Taylor Colicci were the named beneficiaries of the Policy and deprived each of their share of the insurance proceeds. See Argument § I.A., supra.

**ii. No Remedy Is Available To Protect The Named Beneficiaries**

In the Named Beneficiaries' absence, there is simply no way in which this Court could conceivably fashion effectively a judgment in favor of the plaintiffs, which would not prejudice the Named Beneficiaries. See Stevens v. Loomis, 334 F.2d 775, 777 (1st Cir. 1964) (indispensable parties are those whose interests could not be excluded from terms or consequences of judgment, as where interests of absent party are inextricably tied to cause). While Transamerica appreciates that the plaintiffs are the parents of the Named Beneficiaries, the plaintiffs' action, by seeking to change the beneficiaries of the Policy to Diane Sherman and Brian Colicci as Trustees, may cause Brian or Taylor Colicci to receive Scott Colicci's interest in the policy proceeds at the expense of the current beneficiaries' share of those proceeds.

**iii. A Judgment in the Named Beneficiaries' Absence Would Be Inadequate**

Any judgment rendered in the absence of the Named Beneficiaries would not fulfill the "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies", Provident Tradesmens, 390 U.S. at 111. Without the participation of the Named Beneficiaries, res judicata would not prohibit them from initiating future, duplicative litigation on their claim to the proceeds from the Policy. See Acton Co., Inc., 668 F.2d at 81. Furthermore, basic fairness requires that the court hear all parties with a claim to the proceeds. See Collins, 587 F. Supp. at 405 (citations omitted) (potential adverse interests in annuity proceeds must be determined before court can do justice between parties). Such attention to the parties' interests is particularly important here, where the absent parties are unrepresented minors.

**iv. An Adequate Remedy Is Available If The Action Is Dismissed For Non-Joinder**

Plaintiffs have an adequate remedy if the action is dismissed for non-joinder. By the time that the court considers this motion, Transamerica will have filed federal statutory interpleader action. That proceeding is a superior forum in which to adjudicate these claims. All of the parties who should be joined, can and will be joined there, without destroying federal jurisdiction. The Court can appoint a guardian ad litem for the minor beneficiaries. Transamerica can deposit the Policy proceeds with the Registry of Court and Plaintiffs and the Named Beneficiaries will each be able to file his or her claims thereto.

**CONCLUSION**

The effect of a judgment of the Plaintiffs in this action will be to deprive the Named Beneficiaries of their immediate rights to over $850,000 and may deprive them of a portion thereof permanently. Further, unless they are parties to this case, the Named Beneficiaries will not be bound by a judgment herein, thus, exposing Transamerica to future litigation with a potentially inconsistent result. As such, the Named Beneficiaries are necessary and indispensable parties to this action.

The Named Beneficiaries are citizens of the same states as the plaintiffs. Therefore, their addition as defendants will deprive this court of diversity jurisdiction,

Accordingly, this matter must be dismissed. However, such dismissal will not leave the plaintiffs are not without recourse. Transamerica's interpleader action will allow complete adjudication of these claims in a forum where all of the parties who should be joined, will be joined.

For the foregoing reasons, the Court should grant Transamerica's motion to dismiss the complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join necessary and indispensable parties under Fed.R.Civ.P. 19.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 [FAX]

Of Counsel:
David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed postage prepaid, this 30th day of August, 2005, to:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

Brooks R. Magratten, Esq.