**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DIANE E. SHERMAN and BRIAN V. COLICCI, TRUSTEES, | ) | C.A. NO. 05-0329/T |
| Plaintiffs, | ) | |
| v. | ) | |
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTION**
**TO PLAINTIFFS' MOTION TO JOIN PARTIES**

Defendant Transamerica Occidental Life Insurance Company ("Transamerica") objects to plaintiffs' Motion To Join Parties for reasons set forth in the accompanying memorandum of law.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 (Fax)

David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed postage prepaid, this 3rd day of October, 2005, to:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| DIANE E. SHERMAN and<br>BRIAN V. COLICCI, TRUSTEES, | ) | C.A. NO. 05-0329/T |
| Plaintiffs, | ) | |
| v. | ) | |
| TRANSAMERICA OCCIDENTAL<br>LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S OBJECTION**
**TO PLAINTIFFS' MOTION TO JOIN PARTIES**

Defendant Transamerica Occidental Life Insurance Company ("Transamerica") respectfully submits this Memorandum of Law in opposition to plaintiffs' Motion to Join Parties dated September 20, 2005.

**I. This Court Should Deny Plaintiffs' Motion To Join Parties Because A Separate Interpleader Action Already Pending Before This Court Is A Superior Forum For Adjudication Of These Issues**

Plaintiffs assert that this action to reform the life insurance policy ("Reformation Action") is the most appropriate forum for adjudicating the issues among the parties – both those presently joined and those who are absent. However, there is already a separate interpleader action brought by Transamerica and pending before this Court, see Transamerica v. Sherman, et al., C.A. No. 05-374/T ("Interpleader Action"). The Interpleader Action is a more effective and efficient means to adjudicate these claims because the legal insufficiencies of the Reformation Action are not present in the Interpleader Action. In the Interpleader Action, all of the parties who should be joined have been joined, without destroying federal jurisdiction. The same cannot be said for the Reformation Action.

Transamerica has already moved to appoint a guardian ad litem for the decedent's grandchildren ("Named Beneficiaries") in the Interpleader Action and a hearing is scheduled for October 12, 2005. Plaintiffs have not moved for the appointment of a guardian ad litem in the Reformation Action. Instead, in opposing Transamerica's motion to dismiss the Reformation Action, plaintiffs rely on the efforts already underway in the Interpleader Action to appoint a guardian ad litem.

As part of the Interpleader Action, Transamerica has moved for leave to deposit the Policy proceeds with the Registry of Court and to be discharged. This allows both plaintiffs and the Named Beneficiaries to file their respective claims thereto in this one case. As set forth below, the remand suggested by plaintiffs would keep both federal and state cases pending.

Plaintiffs' suggested alternative to the determination of these competing claims would require the following: (1) joining the Named Beneficiaries to the Reformation Action; (2) appointing a guardian ad litem in the Interpleader Action; and (3) remanding of the Reformation Action to state court – all while the Interpleader Action is pending. The Interpleader Action makes all these steps unwarranted.

## II. This Court Should Deny Plaintiffs' Motion To Join Parties Because Joinder Of The Named Beneficiaries Is Not Feasible And Would Result In Unnecessary And Duplicative Litigation

In their opposition to Transamerica's motion to dismiss, plaintiffs do not challenge Transamerica's claim that the Named Beneficiaries are necessary and indispensable parties to this Reformation Action. Instead, plaintiffs contend that dismissal is not warranted because they have moved to join the Named Beneficiaries and seek remand of the Reformation Action to state court for further proceedings. Plaintiffs' contention and suggested resolution to this matter, however, is flawed for several reasons.

If this Court were to grant plaintiffs' motion to join then the Named Beneficiaries would become defendants in the Reformation Action, as their interests are adverse to those of the plaintiffs. See Collins v. Teachers Ins. and Annuity Assoc. of America, 587 F. Supp. 403, 404-05 (D.R.I. 1984) (where interest of party to be added appears to be adverse to that of plaintiff, new party should be added as defendant rather than as involuntary plaintiff). Joinder of the Named Beneficiaries would then destroy this Court's diversity jurisdiction. See Adorno Enterprises, Inc. v. Federated Dept. Stores, Inc., 629 F. Supp. 1565, 1567-71 (D.R.I. 1986) (after-added party, if nondiverse, can spoil diversity jurisdiction in removed action). Accordingly, because joinder of the Named Beneficiaries is not "feasible", it is no defense to Transamerica's motion to dismiss. See Trombino v. Transit Cas. Co., 110 F.R.D. 139, 143 (D.R.I. 1986) (joinder not feasible where party to be joined would eliminate diversity jurisdiction).

Even assuming arguendo that the Named Beneficiaries were joined, guardians ad litem were appointed and the Reformation Action is remanded, the end result would still leave two pending cases concerning the same issues and parties. Such a result is unnecessary and not in the interests of judicial economy. There exists a more efficient means of adjudication in the Interpleader Action already before this Court. As set forth above, the Court has jurisdiction, all necessary parties have been joined, guardian ad litem appointment proceedings are already underway, the insurance policy proceeds are in the process of being deposited into the Registry of the Court and reformation of the insurance policy can be accomplished in the Interpleader Action. All claims can be resolved in the pending Interpleader Action. Therefore, in order to avoid unnecessary and duplicative litigation, this Court should deny plaintiffs' Motion to Join Parties.

Brooks R. Magratten, Esq., No. 3585
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 (Fax)

David A. Reif, Esq.
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
(860) 275-6700
(860) 724-3397 (Fax)
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed postage prepaid, this 3rd day of October, 2005, to:

A. Lauriston Parks, Esq.
10 Coronado Street
Jamestown, RI 02835